UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YI SUN,

    Plaintiff,

    v.

LAURA TAYLOR SWAIN, *et al.*,

    Defendants.

Civil Action No. 24-3424 (JEB)

## MEMORANDUM OPINION

*Pro se* Plaintiff Yi Sun filed this abstruse action against Chief Judge Laura Taylor Swain of the Southern District of New York, the Judicial Council of the Second Circuit, and the Committee on Judicial Conduct and Disability of the Judicial Conference of the United States. She alleges that Chief Judge Swain shielded from prosecution New York City police officers who had sexually assaulted her and that the Judicial Council and the Judicial Conference ignored her complaints of judicial misconduct. Defendants now collectively move to dismiss, raising assorted grounds for jettisoning the case. Agreeing that it lacks subject-matter jurisdiction (and personal jurisdiction over two Defendants) and that Sun has otherwise failed to state a plausible claim, the Court will grant the Motion.

**I.    Background**

Sun's Complaint is difficult to follow. She recounts events purportedly spanning more than twenty years and levels allegations against private individuals, New York State judges, and several other District Judges of the Southern District of New York who are not named as Defendants in this action. See ECF No. 7 (Second Am. Compl.) at 4–22. The Court will not spill further ink describing those extraneous assertions and will instead confine its discussion to

1

the allegations concerning Chief Judge Swain and the two named federal entities. In doing so, it relies on allegations in Sun's Second Amended Complaint and the public records of the prior action she filed in SDNY. See Johnson v. Comm'n on Presidential Debates, 202 F. Supp. 3d 159, 167 (D.D.C. 2016) ("A court may take judicial notice of facts contained in public records of other proceedings . . . and any other facts that are verifiable with certainty.") (citations omitted).

Sun alleges that between 2003 and 2015, she was sexually assaulted and raped by six police officers from the New York City Police Department in connection with their investigation into her child-custody case. See Second Am. Compl., ¶¶ 13–14, 23–24. On November 26, 2018, she filed suit in the Southern District of New York against the NYPD, the New York City Administration for Children's Service, and a law firm that represented Sun's former physician in an unrelated case. See Sun v. NYC Police Dep't, No. 18-11002, ECF No. 1 (Compl.) (S.D.N.Y. Nov. 26, 2018).

The case was assigned to Judge Swain (before she became Chief Judge in April 2021), who granted defendants' motion to dismiss in August 2020, except for Sun's Section 1983 claims against police officers. Id., ECF No. 108 (MTD Op.) at 2. When Plaintiff failed to file an amended complaint after several extensions, Chief Judge Swain dismissed her remaining claims in July 2021. Id., ECF No. 166 (Mem. Order) at 1, 5. Following those rulings, Sun filed numerous motions to stay and reconsider, motions to disqualify Chief Judge Swain, and multiple notices of appeal to the Second Circuit — all without success. Id., ECF Nos. 114 (Letter); 124 (Mot. to Disqualify); 126 (Second Am. Notice of Appeal); 130 (Third Am. Notice of Appeal); 172 (Mot. to Stay); 174 (Second Mot. to Stay); 177 (Order Denying Mot. to Stay); 179 (Order Denying Requests). Sun states that she was "horrified and sickened" by Chief Judge Swain's orders and contends that the judge "abused her power and rode roughshod over [Sun]." Second

Am. Compl., ¶ 33. She further alleges that she has reason to believe that Chief Judge Swain was an accomplice in what she describes as "the worst conspiracy of judicial fraud . . . characterized by destruction of evidence, distortion of truth and witness intimidation" following alleged bribery by the defendants. Id., ¶¶ 36, 38.

Plaintiff also states that she filed complaints of judicial misconduct against Chief Judge Swain and other SDNY judges with the Judicial Council of the Second Circuit but that her complaints disappeared or were ignored "due mainly to inaction by the judiciary." Id., ¶ 44. Her complaints to the Committee on Judicial Conduct and Disability of the Judicial Conference of the United States similarly received no reply. Id. Plaintiff seeks "an Order of 'Summary Judgment' in the misjudged cases," compensatory and punitive damages, and a temporary protective order against the defendants in her SDNY cases. Id., ¶ 55.

Defendants now move to dismiss the case for lack of subject-matter jurisdiction, lack of personal jurisdiction, and failure to state a claim. See ECF No. 16-1 (MTD) at ECF pp. 3–4. Plaintiff did not respond to Defendants' Motion, but instead filed three Motions and a letter to the Court recounting her experiences and seeking judicial review. See ECF Nos. 20 (Letter to the Court); 21 (First Mot. for Jud. Review); 22 (First Mot. for Summary Judgment); 24 (Second Mot. for Jud. Review). The Court will construe these submissions liberally and treat them collectively as Plaintiff's response to Defendants' Motion. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972) (allegations of *pro se* litigant held to less stringent standard than formal pleading drafted by lawyers).

## II.   Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), a plaintiff bears the burden of proving that the court has subject-matter jurisdiction to hear her claims. See

Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); U.S. Ecology, Inc. v. Dep't of Interior, 231 F.3d 20, 24 (D.C. Cir. 2000). A court has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). "For this reason, the plaintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." Grand Lodge of the Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13–14 (D.D.C. 2001) (cleaned up). Additionally, unlike with a motion to dismiss under Rule 12(b)(6), the court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." Jerome Stevens Pharms. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005); see also Venetian Casino Resort LLC v. EEOC, 409 F.3d 359, 366 (D.C. Cir. 2005) ("[G]iven the present posture of this case — a dismissal under Rule 12(b)(1) on ripeness grounds — the court may consider materials outside the pleadings."); Herbert v. Nat'l Acad. of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992).

Under Rule 12(b)(2), a defendant may move to dismiss a suit if the court lacks personal jurisdiction over her. The plaintiff bears the burden of establishing personal jurisdiction for each defendant, FC Inv. Grp. LC v. IFX Mkts, Ltd., 529 F.3d 1087, 1091 (D.C. Cir. 2008); Rush v. Savchuk, 444 U.S. 320, 332 (1980), including by demonstrating proper service of process. Mann v. Castiel, 681 F. 3d 368, 372 (D.C. Cir. 2012). In deciding whether the plaintiff has shown a factual basis for personal jurisdiction over a defendant, the court resolves factual discrepancies in favor of the plaintiff. Crane v. N.Y. Zoological Soc'y, 894 F.2d 454, 456 (D.C. Cir. 1990). When personal jurisdiction is challenged, "the district judge has considerable procedural leeway in choosing a methodology for deciding the motion." 5B Wright & Miller's Federal Practice and

4

Procedure § 1351 (3d ed. 2004). The court may rest on the allegations in the pleadings, collect affidavits and other evidence, or even hold a hearing. Id.

Rule 12(b)(6) provides for the dismissal of an action where a complaint fails to "state a claim upon which relief can be granted." Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations marks and citation omitted). In weighing a motion to dismiss, a court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[,] and matters of which [the court] may take judicial notice." EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997). The court "must treat the complaint's factual allegations as true and must grant [the] plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal citations omitted). It need not accept as true, however, "a legal conclusion couched as a factual allegation" or an inference unsupported by the facts set forth in the complaint. Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006).

### III.    Analysis

The Court considers personal jurisdiction, subject-matter jurisdiction, and the merits of what remains *seriatim*. Some of these grounds provide overlapping bases for dismissal. While courts customarily address subject-matter jurisdiction before turning to personal jurisdiction, "this is not an absolute requirement." Capel v. Capel, 272 F. Supp. 3d 33, 38 (D.D.C. 2017). Because "there is no unyielding jurisdictional hierarchy," Ruhrags AG v. Marathon Oil Co., 526

U.S. 574, 575 (1999), the Court will exercise its discretion and begin with Defendants' challenge to personal jurisdiction. Id.

A. Personal Jurisdiction

As an initial matter, Plaintiff has failed to properly serve any Defendant. Federal Rule of Civil Procedure 4 governs service of process and requires, among other things, that service be made by "[a]ny person who is at least 18 years old and not a party." Fed. R. Civ. P. 4(c)(2). Serving the summons and Complaint by personally emailing them to Defendants and their counsel, as Sun did here, see ECF Nos. 12 (Return of Serv. as to Defs.); 14 (Return of Serv. as to U.S. Att'y); 23 (Certificate of Serv.), does not comply with Rule 4(c)(2). Nor did Plaintiff satisfy Rule 4(i), which sets forth specific procedures for serving the United States and its officers. Because Sun never effected proper service, the Court lacks personal jurisdiction over Defendants. See Raynor v. District of Columbia, 296 F. Supp. 3d 66, 69 (D.D.C. 2017) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.") (citations omitted). Although the Court could dismiss the action on that ground alone, it will nonetheless address the additional jurisdictional defects so that proper service does not return us all to this point again.

Even if service had been effected, the Court would still lack personal jurisdiction over Chief Judge Swain and the Judicial Council of the Second Circuit. This Court may exercise general personal jurisdiction, pursuant to Federal Rule of Civil Procedure 4(k)(1)(A), "over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia." D.C. Code § 13-422. Alternatively, the Court may exercise specific personal jurisdiction over a defendant only if (1) a provision of the District's long-arm statute authorizes jurisdiction, and (2) the exercise of jurisdiction "accords with the

demands of due process." United States v. Ferrara, 54 F.3d 825, 828 (D.C. Cir. 1995). Chief Judge Swain sits in New York, and the Judicial Council of the Second Circuit also operates there. Sun has not articulated — neither in her Second Amended Complaint nor in her responses to the Motion to Dismiss — a single fact that establishes any connection between those Defendants and the District of Columbia. The Court therefore cannot assert general or specific jurisdiction over those Defendants. See D.C. Code § 13-422 (D.C. long-arm statute).

The Judicial Conference of the United States, conversely, is located in Washington and thus likely has no personal-jurisdiction defense. As discussed below, however, claims against it will be dismissed for other reasons.

B. Subject-Matter Jurisdiction

The Court also lacks subject-matter jurisdiction over Sun's suit for damages against all Defendants. Sovereign immunity bars such claims, and no statutory waiver exists.

The doctrine of sovereign immunity precludes a suit against the United States except upon consent, which must be clear and unequivocal. See United States v. Mitchell, 445 U.S. 535, 538 (1980). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." Lane v. Pena, 518 U.S. 187, 192 (1996) (citations omitted). Sovereign immunity protects not only "the Federal Government," but also "its agencies," FDIC v. Meyer, 510 U.S. 471, 475 (1994), and "any federal official sued in his or her official capacity." Smith v. Scalia, 44 F. Supp. 3d 28, 38 (D.D.C. 2014); see also Clark v. Library of Cong., 750 F.2d 89, 103 (D.C. Cir. 1984) (holding that suit against federal employee in official capacity is suit against United States). Nothing in Sun's filings indicates that she is suing Chief Judge Swain in her individual capacity. Sovereign immunity thus extends to her, Smith, 44 F. Supp. 3d at 38, to the Judicial Council of the Second Circuit, see Sanai v. Kozinski, 2021 WL 1339072, at

7

*5 (N.D. Cal. Apr. 9, 2021) (citing cases and finding Judicial Councils entitled to sovereign immunity), and to the Judicial Conference of the United States. Doe v. Admin. Off. of U.S. Courts, 2025 WL 1134961, at *3 (D.D.C. Apr. 15, 2025) (extending sovereign immunity to Judicial Conference).

The only potential waiver to such immunity is the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80, which provides a limited waiver for certain torts committed by federal employees acting within the scope of their employment. See Meyer, 510 U.S. at 475–76. Judicial acts, however, are excluded from this limited waiver and are protected by absolute immunity. See 28 U.S.C. § 2674 (providing that United States is entitled to assert judicial immunity as defense when challenged conduct arises from judicial acts); Jafari v. United States, 83 F. Supp. 3d 277, 279–80 (D.D.C. 2015) (applying absolute judicial immunity in FTCA case). Here, Sun's allegations against Chief Judge Swain concern rulings and case-management decisions that the judge made in Sun's prior SDNY action — functions quintessentially judicial in nature. The United States therefore cannot be held liable under the FTCA for such acts, and sovereign immunity remains intact. In any event, the FTCA applies only if a plaintiff first exhausts administrative remedies by presenting the claim to the appropriate federal agency, and the failure to exhaust administrative remedies before filing an FTCA claim is a jurisdictional defect. See McNeil v. United States, 508 U.S. 106, 111–13 (1993). Sun neither alleges nor demonstrates that she has exhausted such remedies. The FTCA thus offers her no avenue for relief.

C. Failure to State Claim

Even assuming all jurisdictional hurdles were cleared, the only claim that could conceivably remain is Sun's request for injunctive relief. In her Second Amended Complaint,

she requests "an Order of 'Summary Judgment' in the misjudged cases," and a temporary protective order against the defendants in her SDNY cases.  See Second Am. Compl., ¶ 55.

But "federal district courts do not have jurisdiction to reconsider decisions of other federal courts."  Klayman v. Rao, 2021 WL 4948025, at *4 (D.D.C. Oct. 25, 2021) (citations omitted).  As a "trial level court in the federal judicial system," this Court "lacks appellate jurisdiction over other judicial bodies" and cannot review, revise, or enjoin decisions by other Article III judges in separate cases.  United States v. Choi, 818 F. Supp. 2d 79, 85 (D.D.C. 2011); see also Dougherty v. United States, 156 F. Supp. 3d 222, 235 (D.D.C. 2016) (no cause of action exists to permit district court to issue injunctive relief vacating judgment by Third Circuit).  Nor could this Court enter a temporary protective order against parties that are not before it or were involved in separate proceedings in another district.  See Fed. R. Civ. P. 65(d)(2) (describing scope of injunctions); Citizens Alert Regarding the Env't v. EPA, 259 F. Supp. 2d 9, 17 n.7 (D.D.C. 2003) ("The [district court] is powerless to issue an injunction against [non-parties].").  Because no legal theory authorizes the injunctive relief that Sun seeks, her request fails to state a claim upon which relief can be granted and must therefore be dismissed.

**IV.    Conclusion**

For the foregoing reasons, the Court will issue a contemporaneous Order granting Defendants' Motion to Dismiss.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  November 13, 2025