UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YI SUN,

    Plaintiff,

    v.

LAURA TAYLOR SWAIN, *et al.*,

    Defendants.

Civil Action No. 24-3424 (JEB)

### ORDER

On November 13, 2025, this Court issued a separate Memorandum Opinion and Order dismissing Plaintiff's *pro se* action.  See ECF Nos. 25 (Order); 26 (Mem. Op.).  Politely thanking the Court for its time, she now moves to reconsider.  See ECF No. 27 (Mot.) at 1, 12.  As she has offered nothing to change the Court's mind, however, it will deny the Motion.

Federal Rule of Civil Procedure 59(e) permits the filing of a motion to alter or amend a judgment when such motion is filed within 28 days after the judgment's entry.  The court must apply a "stringent" standard when evaluating Rule 59(e) motions.  Ciralsky v. CIA, 355 F.3d 661, 673 (D.C. Cir. 2004) (quoting Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).  "A Rule 59(e) motion 'is discretionary' and need not be granted unless the district court finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  Firestone, 76 F.3d at 1208 (quoting Nat'l Trust for Historic Pres. v. Dep't of State, 834 F. Supp. 453, 455 (D.D.C. 1993)); see also 11 Wright & Miller's Federal Practice & Procedure § 2810.1 (3d ed. Sep. 2025 update) (reiterating "four basic grounds" for Rule 59(e) motion).  Rule 59(e), moreover, "is not a vehicle to present a

1

2

new legal theory that was available prior to judgment." Patton Boggs LLP v. Chevron Corp., 683 F.3d 397, 403 (D.C. Cir. 2012).

Although she offers an account of the unfortunate events that befell her, Sun never explains why any of the Court's grounds for dismissal was erroneous. In dismissing the matter, the Court found a lack of personal jurisdiction over two Defendants, a failure to effect proper service on all, a bar of sovereign immunity, no exhaustion of a potential Federal Tort Claims Act claim, judicial immunity, and an inability of this Court to review decisions made by other federal district courts. See Mem. Op. at 6–9. Not one of these has Sun called into question.

As a result, the Court ORDERS that Plaintiff's [27] Motion to Reconsider (docketed as a "Response to Order to Show Cause") is DENIED.

/s/ James E. Boasberg
JAMES E. BOASBERG
Chief Judge

Date: December 2, 2025